Robert R. Berk, Bar #010162
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7818
rberk@jshfirm.com

Attorneys for Plaintiff Latour Hotels and Resorts

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Latour Hotels and Resorts, a California corporation,<br><br>       Plaintiff,<br><br>       v.<br><br>DHI Management Co., LLC, an Arizona limited liability company,<br><br>       Defendant. | NO.<br><br>**COMPLAINT** |

Plaintiff, Latour Hotels and Resorts ("Latour"), for its Complaint against Defendant DHI Management Co., LLC ("DHI"), alleges as follows:

1. Plaintiff Latour is a California corporation with its principal place of business in North Carolina.

2. Upon information and belief, Defendant DHI is an Arizona limited liability company with its principal place of business in Arizona.

**JURISDICTION AND VENUE**

3. The amount in controversy exceeds the minimal jurisdictional requirements in this Honorable Court.

4. Jurisdiction and venue are proper in the United States District Court for the District of Arizona pursuant to 28 USC § 1332.

4945381.1

**GENERAL ALLEGATIONS**

5. Prior to August, 2015, Defendant DHI represented to Latour that:

   a. DHI was under contract to purchase the Carefree Resort and Conference Center (the "Resort"),

   b. The closing of DHI's purchase of the Resort was imminent.

   c. DHI was looking for capital investors to participate in the purchase of the Resort.

   d. DHI was interested in contracting with Latour to have Latour provide hotel management services once DHI completed its purchase of the Resort.

6. On or about August 6, 2015, the parties entered into a "Capital Contribution Agreement" ("CCA" attached as Exhibit A).

7. Pursuant to the CCA (Exhibit A), Latour agreed, subject to contingencies specified in the CCA, to invest/contribute $300,000 in DHI.

8. The Recitals to the CCA (Exhibit A, Recitals), provide that:

   a. DHI was scheduled to close on its purchase of the Resort "during the next month".

   b. Latour's $300,000 capital contribution was "conditioned on the closing of the purchase of the [Resort] by the Company".

   c. "[I]n the event that [the closing of DHI's purchase of the Resort does not take place, the Parties wish that the Capital Contribution of Latour be refunded in full."

9. The CCA included 5 terms, all of which are as follows:

   1. WHEREAS, the investment of such Capital Contribution by Latour is conditioned on the closing of the purchase of the Carefree Resort & Conference Center by the Company.

   2. WHEREAS, In the event that such closing does not take place, the Parties wish that the Capital Contribution of Latour be refunded in full.

   3. Latour promises to contribute Three Hundred Thousand and No/100 Dollars ($300,000) to the

> Company for the purpose of becoming a Class A Preferred Member therein.
>
> 4. In the event that the Company is for any reason unable to close on the purchase of the Carefree Resort & Conference Center at the scheduled closing date, or within a reasonable time thereafter, DHI agrees to refund to Latour the entirety of its Capital Contribution to the Company.
>
> 5. This instrument contains all the agreements and conditions made between the Parties hereto with respect to the refunding of the Capital Contribution in the event of failure to close, and may not be modified, waived or terminated in any manner other than by an agreement in writing signed by all the Parties hereto.

10. Latour reasonably believed and assumed, based on DHI's representations and based on the CCA, that DHI would complete the purchase of the Resort on or before September 30, 2015 (which was the "next month" after the CCA was executed), and in any event within a commercially reasonable time.

11. DHI did not complete the purchase of the Resort by September 30, 2015.

12. DHI did not complete its purchase of the Resort within a commercially reasonable time after the parties executed the CCA.

13. Upon information and belief, DHI has not closed on the purchase of the Resort even as of the date of this Complaint.

## BREACH OF CONTRACT

14. Latour incorporates the foregoing allegations.

15. Pursuant to the CCA, Latour's capital contribution to, and potential membership in, DHI was expressly conditioned on DHI completing its purchase of the resort within the time frame referenced in and contemplated by the CCA.

16. DHI failed to complete the purchase of the Resort within the time frame referenced in and contemplated by the CCA, or within any commercially reasonable time.

4945381.1

3

17. Pursuant to the express terms of the CCA, DHI's failure to close on the purchase of the Resort "at the scheduled closing date at within a reasonable time thereafter" entitled DHI to a refund of its entire Capital Contribution to DHI.

18. Because the express contingency in the contract — i.e., DHI's completion of its purchase of the Resort the "next month" after the CCA, or within a "reasonable time thereafter" — was never satisfied, the CCA was executory in nature.

19. Latour has repeatedly demanded that DHI honor the CCA by refunding Latour's entire $300,000 contingent investment, but DHI has failed and refused to do so.

20. DHI's failure and refusal to refund Latour's entire $300,000 contingent investment constitutes a breach of the CCA.

21. As a direct and proximate result of DHI's breach of the CCA, Latour has been damaged in the amount of $300,000, plus pre and post judgment interest thereon from September 30, 2015 until paid.

22. Because this dispute arises out of a contract, A.R.S. § 12-341.01 applies and Latour is entitled to recover, from DHI, Latour's reasonable attorneys' fees.

WHEREFORE, Latour requests that judgment be entered in its favor, and against DHI, as follows:

    a. In the principle amount of $300,000;

    b. For pre and post judgment interest on the principle amount at the maximum rate allowed by law;

    c. For Latour's reasonable legal fees;

    d. For Latour's taxable costs;

    e. For any other relief the Court deems appropriate.

1   DATED this 25th day of May 2016.

2                                       JONES, SKELTON & HOCHULI, P.L.C.

4                                       By s/ Robert R. Berk
                                           Robert R. Berk
5                                          40 North Central Avenue, Suite 2700
                                           Phoenix, Arizona  85004
6                                          Attorneys for Plaintiff Latour Hotels and
                                           Resorts

4945381.1                          5