STEVEN N. BERGER, SBA #009613
MEAGHAN K. KRAMER, SBA #029043
**ENGELMAN BERGER, P.C.**
3636 NORTH CENTRAL AVENUE, SUITE 700
PHOENIX, ARIZONA 85012
―――――――――
Ph: (602) 271-9090
Fax: (602) 222-4999
Email: snb@eblawyers.com
Email: mxk@eblawyers.com
―――――――――

Attorneys for Patrick and Christina Clifton

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Latour Hotels and Resorts, a California corporation,<br><br>                    Plaintiff.<br><br>        v.<br><br>DHI Management Co., LLC, an Arizona limited liability company; Patrick Clifton and Jane Doe Clifton, husband and wife,<br><br>                    Defendants. | NO. 2:16-cv-01610-MHB<br><br>**PATRICK CLIFTON AND CHRISTINA CLIFTON'S ANSWER TO SECOND AMENDED COMPLAINT** |

Defendants Patrick Clifton ("Mr. Clifton") and Christina Clifton ("Mrs. Clifton") (collectively "Clifton") file their Answer to the "Second Amended Complaint" filed by Latour Hotels and Resorts ("Plaintiff") admitting, denying, and affirmatively alleging as follows.

1.  Clifton presently has insufficient knowledge or information upon which to form a belief as to the truth of the allegations in ¶ 1 of the Second Amended Complaint and, therefore, denies the same.

2.  Clifton admits the allegations in ¶ 2 of the Second Amended Complaint.

3.  Clifton denies the allegations in ¶ 3 of the Second Amended Complaint.

4.  Clifton denies the allegations in ¶ 4 of the Second Amended Complaint.

## JURISDICTION AND VENUE

5. Clifton admits the allegations in ¶ 5 of the Second Amended Complaint.

6. Clifton admits the allegations in ¶ 6 of the Second Amended Complaint.

## GENERAL ALLEGATIONS

7. Clifton denies the allegations in ¶ 7 of the Second Amended Complaint.

8. Clifton denies the allegations in ¶ 8 of the Second Amended Complaint.

9. Clifton responds that documents speak for themselves and not as paraphrased by Plaintiff and, therefore, denies ¶ 9 of the Second Amended Complaint.

10. Clifton responds that documents speak for themselves and not as paraphrased by Plaintiff and, therefore, denies ¶ 10 of the Second Amended Complaint.

11. Clifton responds that documents speak for themselves and, therefore, denies ¶ 11 of the Second Amended Complaint.

12. Clifton presently has insufficient knowledge or information upon which to form a belief as to the trust of the allegations in ¶ 12 of the Second Amended Complaint and, therefore, denies the same.

13. Clifton admits the allegations in ¶ 13 of the Second Amended Complaint.

14. Paragraph 14 of the Second Amended Complaint sets forth a legal conclusion that does not have to be admitted or denied. In the alternative, to the extent that any facts are alleged, Clifton denies the same.

15. Clifton admits the allegations in ¶ 15 of the Second Amended Complaint.

## COUNT ONE

### (Breach of Contract By DHI)

16. With respect to the allegations of ¶ 16 of the Second Amended Complaint, Clifton incorporates the responses set forth in the preceding paragraphs.

17. Clifton denies the allegations in ¶ 17 of the Second Amended Complaint.

18. Clifton denies the allegations in ¶ 18 of the Second Amended Complaint.

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

19. Paragraph 19 of the Second Amended Complaint sets forth a legal conclusion that does not have to be admitted or denied. In the alternative, to the extent that any facts are alleged, Clifton denies the same.

20. Paragraph 20 of the Second Amended Complaint sets forth a legal conclusion that does not have to be admitted or denied. In the alternative, to the extent that any facts are alleged, Clifton denies the same.

21. Clifton admits the allegations in ¶ 17 of the Second Amended Complaint.

22. Paragraph 22 of the Second Amended Complaint sets forth a legal conclusion that does not have to be admitted or denied. In the alternative, to the extent that any facts are alleged, Clifton denies the same.

23. Clifton denies the allegations in ¶ 23 of the Second Amended Complaint.

24. Paragraph 24 of the Second Amended Complaint sets forth a legal conclusion that does not have to be admitted or denied. In the alternative, to the extent that any facts are alleged, Clifton denies the same.

## COUNT TWO

### (Breach of Contract By Clifton)

25. With respect to the allegations of ¶ 25 of the Second Amended Complaint, Clifton incorporates the responses set forth in the preceding paragraphs.

26. Clifton denies the allegations in ¶ 26 of the Second Amended Complaint.

27. Clifton denies the allegations in ¶ 27 of the Second Amended Complaint.

28. Clifton admits that "DCI" was not a registered LLC. As to the remaining factual allegations in ¶ 28 of the Second Amended Complaint, Clifton denies the same.

29. Paragraph 29 of the Second Amended Complaint sets forth a legal conclusion that does not have to be admitted or denied. In the alternative, to the extent that any facts are alleged, Clifton denies the same.

30. Paragraph 30 of the Second Amended Complaint sets forth a legal conclusion that does not have to be admitted or denied. In the alternative, to the extent that any facts are alleged, Clifton denies the same.

## GENERAL DENIAL

31. Clifton denies each and every factual allegation of the Second Amended Complaint that is not expressly and unconditionally admitted herein.

32. Any document referred to, quoted, or paraphrased in the Second Amended Complaint is the best evidence of the contents thereof and must be considered in its entirety.

## CLIFTON'S AFFIRMATIVE DEFENSES

33. The Second Amended Complaint fails to state a claim for which relief may be granted.

34. Plaintiff's claims are barred by the doctrines of claim preclusion, res judicata, and collateral estoppel.

35. Plaintiff's claims are barred by the doctrines of release and waiver.

36. Plaintiff's claims are barred by the doctrines of estoppel, fraud and unclean hands.

37. Plaintiff is not entitled to recover some or all of the damages it seeks because it has failed to mitigate or reasonably attempt to mitigate its purported damages as required by law.

38. Clifton presently has insufficient knowledge or information upon which to form a belief as to whether Clifton may have additional and yet unstated affirmative defenses available. Clifton reserves the right to assert additional affirmative defenses in the event that discovery indicates that such defenses are appropriate, pursuant to Fed. R. Civ. P. 8.

**WHEREFORE,** having fully answered the Second Amended Complaint, Clifton prays for relief as follows:

A. That the Second Amended Complaint be dismissed, and that Plaintiff take nothing thereby;

{0005417.0004/00715826.DOCX / 3}

4

B.    For Clifton's attorneys' fees and costs incurred herein;

C.    For interest thereon at the highest rate allowable by law, until paid in full; and

D.    That the Court grant such other and further relief as is just and appropriate under the circumstances.

**DATED** this 18th day of November 2016.

**ENGELMAN BERGER, P.C.**

By */Meaghan K. Kramer #029043*
Steven N. Berger
Meaghan K. Kramer
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012
*Attorneys for Defendants Patrick and Christina Clifton*

# CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of November, 2016, I electronically transmitted a PDF version of this document to the Clerk of the Court using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants.

Robert R. Berk, Bar #010162
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
*Attorneys for Plaintiff Latour Hotels and Resorts*

　　/s/  Heidi Anschutz